■ JEANNE B. ROSE, Appellant, v. PATRICK BAGON, Doing Business as EASY CARE HAIRDRESSERS, et al., Respondents.— Judgment, Supreme Court, New York County, entered May 26, 1969, after a jury trial, in favor of defendant Koken Companies, Inc., unanimously reversed, on the law and the facts, and vacated, the dismissal against defendant Bagon reversed, the cross claim of Bagon against Koken Companies, Inc., reinstated and a new trial directed to both defendants, with costs and disbursements to abide the new trial. There was sufficient proof of actionable negligence against defendant Bagon to make out a prima facie case. The question of notice should not have been ruled out since the jury could have determined that Bagon knew, or should have known, of the defect in the chair from the evidence that when Bagon took over the beauty parlor another chair, similarly broken in two parts, was found in the rear of the store. Also, the mere observation of the chair at the welded joinder of the stem and plate shows an irregular distribution of welding material which was uncontradicted as the specific defect in the chair. Further the doctrine of *res ipsa loquitur* is applicable to these facts despite proof of a specific defect. (See *Abbott* v. *Page Airways*, 23 N Y 2d 502.) We are mindful of the rule laid down in *Marton* v. *McCasland* (16 A D 2d 781) and *Salvitelli* v. *Janusz* (19 A D 2d 886) that a verdict should stand unless " the evidence so preponderates in favor of the plaintiff ". On the facts we find that the evidence does so preponderate in favor of the plaintiff. The verdict in favor of defendant cannot be sustained by any fair interpretation of the evidence. The easily observable defective parts, the uncontradicted expert for the plaintiff, the documents received in evidence, and the freedom of plaintiff from any contributory negligence clearly indicate the verdict was against the weight of the evidence. Concur — Markewich, J. P., Kupferman, Murphy, McNally and Tilzer, JJ.